STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
V. JOHN I. SUTTON, RESPONDENT.
694 N.W.2d 647

Filed April 8, 2005.   No. S-04-649.

Kent L. Frobish, Assistant Counsel for Discipline, for relator.

No appearance for respondent.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

On May 27, 2004, formal charges were filed by the State of Nebraska on behalf of the Counsel for Discipline of the Nebraska Supreme Court, as relator, against the respondent, John I. Sutton, who was admitted to the practice of law in the State of Nebraska on September 12, 1979, and who is currently suspended from the practice of law. See *State ex rel. Counsel for Dis. v. Sutton*, 268 Neb. 485, 684 N.W.2d 23 (2004) (*Sutton I*). After Sutton failed to file an answer to the formal charges in the present case, we

sustained the relator's motion for judgment on the pleadings and must now determine the appropriate sanction.

## STATEMENT OF FACTS

The formal charges state that Sutton practiced law in Omaha, Nebraska. In July 2002, Ross Stroud retained Sutton to represent him in a dissolution of marriage case and protection order violation case. On February 13, 2004, Stroud filed a grievance against Sutton with the Counsel for Discipline, alleging that Sutton neglected his cases. On February 17, the Counsel for Discipline mailed a notice of the grievance to Sutton by certified mail and instructed him to respond in writing within 15 working days. Sutton failed to file a written response within the time permitted. Although a second letter was sent in April 2004, again directing Sutton to file a response to Stroud's grievance, Sutton has yet to file a response.

Formal charges were filed against Sutton on May 27, 2004, alleging that his conduct violated his oath of office as an attorney and Canon 1, DR 1-102(A)(1) and (5), and Canon 6, DR 6-101(A)(3), of the Code of Professional Responsibility. Sutton was personally served with the charges on June 7, and the sheriff's return of service was filed on June 10. Sutton failed to file an answer or otherwise plead in this matter.

Accordingly, the Counsel for Discipline filed a motion for judgment on the pleadings on July 9, 2004. We granted the motion on September 15, and thus, the sole issue before us is the appropriate sanction.

## ANALYSIS

Neb. Ct. R. of Discipline 9(E) (rev. 2001) states, in relevant part:

> Upon receipt of notice of a Grievance from the Counsel for Discipline, the member against whom the Grievance is directed shall prepare and submit to the Counsel for Discipline, in writing, within fifteen working days of receipt of such notice, an appropriate response to the Grievance, or a response stating that the member refuses to answer substantively and explicitly asserting constitutional or other grounds therefor.

Further, Neb. Ct. R. of Discipline 3(B) (rev. 2001) provides:

> Acts or omissions by a member, individually or in concert with any other person or persons, which violate the Code of Professional Responsibility as adopted by the Court, the oath, or the provisions of these rules, shall be grounds for discipline whether the act or omission occurred in the course of an attorney-client relationship or otherwise.

To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law. *State ex rel. Counsel for Dis. v. Widtfeldt, ante* p. 289, 691 N.W.2d 531 (2005). Each case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case. *State ex rel. Counsel for Dis. v. Wintroub,* 267 Neb. 872, 678 N.W.2d 103 (2004).

The determination of an appropriate penalty to be imposed on an attorney requires consideration of any aggravating or mitigating factors. *State ex rel. Special Counsel for Dis. v. Fellman,* 267 Neb. 838, 678 N.W.2d 491 (2004). We are, unfortunately, presented with a very sparse record in the present case. Because Sutton neither responded to the Counsel for Discipline regarding Stroud's grievance nor filed a pleading in this matter, we have no basis for considering any factors that mitigate in favor of Sutton. By the same token, we do not have a record that informs us of the nature and extent of Sutton's neglect toward Stroud as we consider the imposition of a sanction.

We do know that Sutton was suspended from the practice of law on July 30, 2004, for a period of 1 year, followed by probation for a period of 2 years during which Sutton was to be supervised by another attorney and continue treatment as directed by his physicians, psychiatrists, and substance abuse counselor. See *Sutton I.* The suspension resulted from behavior that occurred between March and November 2002 when Sutton (1) neglected legal matters for a client, (2) failed to deposit client funds into his attorney trust account, (3) failed to return unearned funds to the

client, and (4) practiced law while his license was temporarily suspended for nonpayment of bar association dues. See *id.* The referee determined that during this period of time in 2002, Sutton abused prescription medications and was suffering from depression and certain other medical conditions. We also note that Sutton has received a prior private reprimand for conduct similar to that which occurred in each of these cases.

We consider an attorney's failure to respond to inquiries and requests for information from the Counsel for Discipline as an important matter and as a threat to the credibility of attorney disciplinary proceedings. See *State ex rel. NSBA v. Rothery,* 260 Neb. 762, 619 N.W.2d 590 (2000). Responding to disciplinary complaints in an untimely manner and repeatedly ignoring requests for information from the Counsel for Discipline of the Nebraska Supreme Court indicate a disrespect for our disciplinary jurisdiction and a lack of concern for the protection of the public, the profession, and the administration of justice. See *id.*

Ordinarily, cumulative acts of attorney misconduct and repeated disregard of requests for information from the Counsel for Discipline will appropriately lead to disbarment—and, in fact, may ultimately end in disbarment for Sutton. However, given the lack of information that we have regarding (1) the nature and extent of the present misconduct and (2) Sutton's present or future fitness to practice law, in light of Sutton's previously asserted mental and physical health problems that existed during the present allegation of neglect, we are not firmly convinced that disbarment at this time is necessary in order to protect the public or maintain the reputation of the bar as a whole. Instead, we believe that an indefinite suspension is more appropriate at this juncture and will serve as adequate protection for the public. Should Sutton apply for reinstatement in the future, he will need to fully answer for the current charges of neglect and failing to respond to the Counsel for Discipline, and demonstrate a present and future fitness to practice law subject to the conditions set forth in *Sutton I.*

## CONCLUSION

We previously granted the relator's motion for judgment on the pleadings, finding by clear and convincing evidence that Sutton

violated DR 1-102(A)(1) and (5), DR 6-101(A)(3), and his oath of office as an attorney. It is the judgment of this court that Sutton should be and is hereby suspended from the practice of law indefinitely, effective immediately. Should Sutton apply for reinstatement, he will be required to fully answer for the current charges of neglect and failing to respond to the Counsel for Discipline, and demonstrate a present and future fitness to practice law subject to the terms and conditions outlined above. Sutton shall comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, Sutton is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2003) and 23(B) (rev. 2001).

JUDGMENT OF SUSPENSION.

McCORMACK, J., not participating.