STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR, v. JOHN M. GILROY, RESPONDENT.

701 N.W.2d 837

Filed July 29, 2005.    No. S-04-875.

Kent L. Frobish, Assistant Counsel for Discipline, for relator.

John A. Sellers for respondent.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

## NATURE OF CASE

The office of the Counsel for Discipline of the Nebraska Supreme Court, as relator, filed formal charges against respondent, John M. Gilroy, who was admitted to the practice of law in the State of Nebraska on April 21, 1977. After respondent failed to file an answer to these charges, this court sustained the Counsel for Discipline's motion for judgment on the pleadings and limited briefs and arguments to the appropriate sanction. On April 8, 2005, this court suspended respondent from the practice of law on an unrelated matter. We must now determine the appropriate sanction.

## BACKGROUND

The formal charges state that respondent was retained by Helene Elliott (Helene) in 1995 to provide legal services primarily related to Helene's estate planning. Helene was referred to respondent by David Andersen, an insurance agent who had sold Helene insurance policies and annuities. Andersen and respondent maintained a professional relationship in which Andersen referred clients to respondent and respondent provided legal services for Andersen and Andersen's employer. In January 2003, Helene contacted respondent seeking additional legal services related to her estate planning. At that time, respondent took over the responsibility of paying all of Helene's bills by preparing checks on Helene's bank account for her to sign.

In January 2003, Helene's daughter, Diana Elliot (Diana), became concerned that Andersen had sold Helene unnecessary life insurance and annuity policies, and asked respondent to look into the matter on Helene's behalf. Respondent advised Diana and Helene that he had a business relationship with Andersen and was currently representing Andersen, but would nevertheless look into

the matter. Respondent further advised Diana and Helene that should any legal action need to be brought against Andersen, they would need a different lawyer. On July 31, the Elliotts terminated respondent's legal services after discovering respondent had not taken any immediate action against Andersen.

The formal charges further state that Diana incurred expenses on Helene's behalf, for which Helene agreed to reimburse her. Diana submitted to respondent receipts for such expenses totaling $763, and on February 28, 2003, respondent wrote Diana a check for $763. On that same date, respondent issued a billing statement to Helene which included the $763 respondent advanced on her behalf. On March 3, respondent's billing statement was paid. Diana deposited respondent's check in her bank account; however, it was later returned due to insufficient funds. Diana notified respondent that his check had been returned and was assured by respondent that he would pay her. Despite these assurances, Diana was not paid until July 31, when respondent's legal services were terminated.

On January 8, 2004, the Counsel for Discipline received a grievance from Diana on behalf of Helene, alleging respondent charged Helene excessive fees for doing little or no work, refused to provide an accounting for his services, and refused to return documents belonging to Helene after he was notified his services were terminated. On January 9, the Counsel for Discipline sent respondent a copy of the grievance by certified mail, together with a letter instructing respondent to file an appropriate written response to the grievance within 15 working days. Respondent signed the certified mail receipt for the grievance and the Counsel for Discipline's letter on January 12. However, respondent did not reply.

On February 4, 11, and 26, 2004, the Counsel for Discipline sent additional letters to respondent seeking his reply to the Elliotts' complaint. Again, respondent failed to file a response as requested by those letters. On July 29, the Counsel for Discipline filed formal charges against respondent. The formal charges set forth three counts that included charges that respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) and (5) (violating disciplinary rule and engaging in conduct prejudicial to administration

of justice); Canon 2, DR 2-110(B)(2) (failing to withdraw representation known to violate disciplinary rule); Canon 5, DR 5-101(A) (accepting employment known to conflict with personal interests) and 5-105(A) through (C) (refusing to accept or continue employment if interests of another client may impair independent professional judgment of lawyer); and Canon 9, DR 9-102(A) and (B) (failing to preserve the identity of client funds), as well as Neb. Ct. R. of Discipline 9(E) (rev. 2001), and his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997). Respondent failed to file an answer to the formal charges. On September 15, 2004, this court sustained the Counsel for Discipline's motion for judgment on the pleadings. Accordingly, the sole issue before this court is the appropriate sanction.

## ANALYSIS

Each case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of the case. *State ex rel. Counsel for Dis. v. Rokahr,* 267 Neb. 436, 675 N.W.2d 117 (2004). For purposes of determining the proper discipline, we consider respondent's acts both underlying the events of this case and throughout the proceeding. *Id.* To determine whether and to what extent discipline should be imposed, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *State ex rel. Counsel for Dis. v. Sutton,* 269 Neb. 640, 694 N.W.2d 647 (2005).

We have repeatedly emphasized the importance of responding to the inquiries and requests for information from the Counsel for Discipline. In order for the public to have confidence in the integrity of the legal profession and to be protected from unscrupulous acts, the disciplinary process as a whole must function effectively. *State ex rel. Counsel for Dis. v. James,* 267 Neb. 186, 673 N.W.2d 214 (2004); *State ex rel. NSBA v. Mefferd,* 258 Neb. 616, 604 N.W.2d 839 (2000). Responding to disciplinary complaints in an untimely manner and repeatedly ignoring requests for information from the Counsel for Discipline demonstrate nothing less than a total disrespect for our disciplinary

jurisdiction and a lack of concern for the protection of the public, the profession, and the administration of justice. *State ex rel. Counsel for Dis. v. Sutton, supra.* Most recently, we stated that "[w]e consider an attorney's failure to respond to inquiries and requests for information from the Counsel for Discipline as an important matter and as a threat to the credibility of attorney disciplinary proceedings." *State ex rel. Counsel for Dis. v. Sutton,* 269 Neb. at 643, 694 N.W.2d at 650.

In *State ex rel. Counsel for Dis. v. Sutton, supra,* the Counsel for Discipline filed formal charges against John I. Sutton, alleging the attorney's conduct violated his oath of office as an attorney, and Cannon 1, DR 1-102(A)(1) and (5), and Canon 6, DR 6-101(A)(3), of the Code of Professional Responsibility. Sutton failed to respond to inquiries and requests for information from the Counsel for Discipline and failed to file an answer to the formal charges. We granted the Counsel for Discipline's motion for judgment on the pleadings and suspended Sutton indefinitely. In reaching that decision, we stated that the sparse record failed to inform us regarding the nature and extent of Sutton's misconduct and his present or future fitness to practice law. Sutton had previously been suspended, and then his license placed on probation because of his having abused prescription medications, and he was suffering depression and medical problems related to an untreated illness. This distinguishes respondent's situation from that of Sutton's. In respondent's case, however, the only reason we can discern from the record as to why respondent has not responded to the Counsel for Discipline is utter contempt for the disciplinary process.

The record establishes that respondent's conduct violated several disciplinary and trust account rules, as well as his oath of office as an attorney. The record further reflects that the present case is not respondent's first violation of the trust account rules. As noted above, respondent was previously suspended for 1 year for, among other things, violations of trust account rules. We also take judicial notice of the fact that respondent was temporarily suspended by this court on April 8, 2005. See *Jessen v. Jessen,* 259 Neb. 644, 611 N.W.2d 834 (2000) (court may take judicial notice of document in separate but related action concerning same subject matter in same court). In that matter, respondent

failed to reply to requests by the Counsel for Discipline with regard to an unrelated grievance and failed to file an answer with this court resisting the entry of an order temporarily suspending his license to practice law. *State ex rel. Counsel for Dis. v. Gilroy*, 269 Neb. xxii (No. S-05-163, Apr. 8, 2005).

An attorney bears the responsibility to accurately account for his client's funds. *State ex rel. NSBA v. Mefferd*, 258 Neb. 616, 604 N.W.2d 839 (2000). Absent mitigating circumstances, the appropriate discipline in cases of misappropriation or commingling of client funds is typically disbarment. *Id.* Because respondent failed to reply to the Counsel for Discipline or file a pleading, we have no basis for considering any factors that mitigate in favor of respondent.

We have reviewed the record, and upon due consideration, this court finds that respondent should be disbarred from the practice of law in the State of Nebraska.

## CONCLUSION

It is the judgment of this court that respondent should be, and is, disbarred from the practice of law in the State of Nebraska effective immediately. Respondent is directed to comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, respondent shall be subject to punishment for contempt of this court. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23 (rev. 2001).

JUDGMENT OF DISBARMENT.

MILLER-LERMAN, J., not participating.