STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
V. JAMES C. HART, JR., RESPONDENT.
708 N.W.2d 606

Filed December 9, 2005.   No. S-05-376.

Kent L. Frobish, Assistant Counsel for Discipline, for relator.

No appearance for respondent.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.
## NATURE OF CASE
On March 23, 2005, formal charges were filed by the State of Nebraska on behalf of the Counsel for Discipline of the Nebraska Supreme Court, as relator, against the respondent, James C. Hart, Jr., who was admitted to the practice of law in the State of Nebraska on February 28, 1972. After Hart failed to file an answer to the formal charges in the present case, we sustained the relator's motion for judgment on the pleadings and must now determine the appropriate sanction.

## FACTUAL AND PROCEDURAL BACKGROUND

The formal charges state that Hart practices law in Omaha, Nebraska. After Jedediah Conelly was indicted in federal district court in Nebraska for conspiracy to distribute and possess methamphetamine and possession of a firearm, his parents hired Hart to represent Conelly, in place of a court-appointed attorney. Conelly's mother signed a fee agreement, stating that Hart was to receive a retainer of $1,500, but Hart received only $1,200 at that time. Hart filed a motion to reopen the detention hearing regarding Jedediah, and the court scheduled a hearing on the motion for December 16, 2003. Hart failed to appear for the hearing, and the court reset the hearing for December 31.

In February 2004, Conelly entered a guilty plea based on an agreement reached with the assistant U.S. Attorney. When Hart failed to appear for sentencing on May 6 before U.S. District Judge Joseph F. Bataillon, Judge Bataillon had Hart located in the Douglas County District Court and ordered him to appear in front of the federal court immediately. Hart eventually appeared, and after the sentencing proceedings, Judge Bataillon addressed Hart regarding his failure to attend multiple hearings and fined him $100 for failing to abide by the court's scheduling orders.

Subsequently, Conelly attempted to contact Hart to pursue an appeal of the sentence but received no response. Conelly ultimately contacted the court directly, and Judge Bataillon accepted Conelly's letter as a timely notice of appeal. The court granted Conelly's request to proceed in forma pauperis and appointed Hart to represent Conelly at the government's expense. Notice of the appointment was sent to Hart in June 2004. Hart failed to correspond with Conelly and take steps to prosecute the appeal.

In August 2004, Judge Bataillon contacted the Counsel for Discipline to inform them of Hart's failure to abide by the scheduling orders in Conelly's case. On August 17, the Counsel for Discipline sent a certified letter to Hart detailing Judge Bataillon's concerns and instructing Hart to file a response within 15 days. Hart telephoned the Counsel for Discipline on September 8 and confirmed his receipt of the letter but explained that he had been away on vacation and would submit a response within the following week. On September 30, Hart had yet to

submit a response, prompting the Counsel for Discipline to send a letter of reminder to Hart. On October 7, Hart filed a response to the grievance, claiming that his problems resulted from scheduling conflicts and that Conelly's father had indicated to Hart that Conelly and his parents would hire a new attorney to prosecute the appeal.

On November 3, 2004, Kent L. Frobish, the Assistant Counsel for Discipline, sent a letter to Hart, requesting a copy of Hart's file on Conelly and a detailed record of the work Hart did for Conelly. Hart's response was requested by November 11. After Hart failed to respond, Frobish sent another letter on December 1, asking Hart to schedule a time when Frobish could visit Hart's office to review Conelly's file. Hart met with Frobish at the office of the Counsel for Discipline on December 15 and presented what he indicated was the entire file concerning Conelly's representation. The file did not contain any notes or documents dated after February 24, 2004, and did not include the letters and orders sent by the federal district court and U.S. Court of Appeals for the Eighth Circuit regarding Conelly's appeal, including the notice sent to Hart informing him of his appointment to represent Conelly in his appeal and the briefing schedule established by the Eighth Circuit, ordering Hart to file his brief by December 30, 2004.

As of March 23, 2005, Hart had yet to file a brief on behalf of Conelly or request an extension of the brief deadline. Furthermore, Hart has not filed a motion to withdraw as appellate counsel for Conelly.

Formal charges were filed against Hart on March 23, 2005, alleging that his conduct violated his oath of office as an attorney and Canon 1, DR 1-102(A)(1), (5), and (6); Canon 2, DR 2-110(A)(1) and (2); Canon 6, DR 6-101(A)(3); and Canon 7, DR 7-106(C)(7), of the Code of Professional Responsibility. Hart was personally served with the charges on March 28. Hart failed to file an answer or otherwise plead in this matter.

Accordingly, the Counsel for Discipline filed a motion for judgment on the pleadings on May 3, 2005. We sustained the motion on June 8, and thus, the sole issue before us is the appropriate sanction.

## ANALYSIS

■ To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, the Nebraska Supreme Court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law. *State ex rel. Counsel for Dis. v. Sutton*, 269 Neb. 640, 694 N.W.2d 647 (2005). Each case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case. *Id.*

■ The determination of an appropriate penalty to be imposed on an attorney in a disciplinary proceeding requires consideration of any aggravating or mitigating factors. *Id.* For purposes of determining the proper discipline, the Nebraska Supreme Court considers the attorney's acts both underlying the events and throughout the proceeding. *State ex rel. Counsel for Dis. v. Gilroy, ante* p. 339, 701 N.W.2d 837 (2005). Although Hart responded to the grievance sent to him by the Counsel for Discipline, he did so only after requesting additional time within which to file a response and, thereafter, receiving a letter of reminder from the Counsel for Discipline when he failed to meet the extended deadline. In addition, Hart ultimately met with Frobish to inspect Conelly's case file; however, Hart failed to respond to Frobish's initial request for a copy of Conelly's file, prompting Frobish to send another letter a month later, requesting a meeting with Hart to inspect the file. Any mitigating effect that might have resulted from Hart's cooperation in these instances is overshadowed by his lack of respect for the disciplinary process and the deadlines set by the Counsel for Discipline.

The facts of this case establish a trend of tardiness and disregard for scheduled court proceedings and continued neglect of a legal matter. Hart has previously received a public reprimand for similar behavior. See *State ex rel. Counsel for Dis. v. Hart*, 265 Neb. 649, 658 N.W.2d 632 (2003). In addition, formal charges alleging that Hart neglected another legal matter were

filed on August 31, 2005. The charges set forth allegations that Hart neglected a client's criminal case and failed to communicate with the client. In response to the client's grievance, Hart claimed that he did not pursue the client's case because he had not been paid. However, Hart failed to respond to a subsequent request from the Counsel for Discipline for a copy of the client's file and payment information. Hart did not file a response to the formal charges, and the Counsel for Discipline filed a motion for judgment on the pleadings. Hart failed to respond to the motion, and on November 16, we sustained the motion (case No. S-05-1034). Thus, in case No. S-05-1034, Hart has again been found in violation of his oath of office as an attorney and DR 1-102(A)(1), (5), and (6); DR 2-110(A)(1) and (2); and DR 6-101(A)(3). Although we have not reached the sanction stage in case No. S-05-1034, we take note of Hart's continuing neglect of clients' legal matters and subsequent disrespect of the disciplinary process.

■ Cumulative acts of attorney misconduct are distinguishable from isolated incidents and are therefore deserving of more serious sanctions. *State ex rel. Counsel for Dis. v. Swanson*, 267 Neb. 540, 675 N.W.2d 674 (2004). Considering Hart's ongoing pattern of neglecting matters entrusted to him by his clients and his failure to communicate with the Counsel for Discipline in a timely or meaningful fashion, we conclude that disbarment is necessary in order to protect the public and maintain the reputation of the bar as a whole.

## CONCLUSION

We previously sustained the relator's motion for judgment on the pleadings, finding by clear and convincing evidence that Hart violated DR 1-102(A)(1), (5), and (6); DR 2-110(A)(1) and (2); DR 6-101(A)(3); DR 7-106(C)(7); and his oath of office as an attorney. It is the judgment of this court that Hart should be and is hereby disbarred from the practice of law in the State of Nebraska, effective immediately. Hart shall comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, he shall be subject to punishment for contempt of this court. Furthermore, Hart is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue

1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2005) and 23(B) (rev. 2001).

JUDGMENT OF DISBARMENT.

MILLER-LERMAN, J., participating on briefs.