712 N.W.2d 278 (2006)
271 Neb. 465
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF the NEBRASKA SUPREME COURT, Relator,
v.
Michael G. REILLY, Respondent.
No. S-05-1035.
Supreme Court of Nebraska.
April 21, 2006.
HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
This is an attorney reciprocal discipline case in which the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, filed a motion for reciprocal discipline against respondent, Michael G. Reilly.

FACTS
Respondent was admitted to the practice of law in the State of Nebraska on September 3, 1982. On January 13, 2006, the Iowa Supreme Court revoked respondent's license to practice law in the State of Iowa. See Iowa Supreme Ct. Atty. Disc. Bd. v. Reilly, 708 N.W.2d 82 (Iowa 2006). The Iowa Supreme Court's opinion reflects that as a result of an "uncontrollable gambling habit that left him constantly in need of funds," respondent misappropriated from his law firm's trust account over $96,000 belonging to one client. Id. at 85. Respondent later repaid certain of the misappropriated moneys by writing a check on his personal bank account, but the bank account from which he paid those moneys had insufficient funds, and the bank that had cleared the check "was saddled with a $96,000 overdrawn account," which was not repaid for more than 1 year. Id. at 83. The Iowa Supreme Court revoked respondent's license due to respondent's "misappropriation of client funds [and a] check-kiting scheme undertaken in an effort to replace the [misappropriated] funds." See id. at 85.
On or about August 30, 2005, relator, through the chairperson of the Committee *279 on Inquiry of the Second Judicial District, moved this court to temporarily suspend respondent from the practice of law in the State of Nebraska pending an investigation into the disciplinary charges then pending against respondent in Iowa. On October 19, this court entered an order temporarily suspending respondent from the practice of law. On January 17, 2006, relator filed a motion for reciprocal discipline, based upon the Iowa Supreme Court's revocation of respondent's license to practice law in Iowa. On February 15, this court entered a show cause order directing the parties to show cause why this court should or should not enter an order imposing the identical discipline, or greater or lesser discipline, as the court deemed appropriate, pursuant to Neb. Ct. R. of Discipline 21 (rev. 2001). Respondent filed a response to our show cause order, in effect admitting the essential facts that resulted in the revocation of his license to practice law in Iowa.

ANALYSIS
We have stated that "[t]he basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances." State ex rel. Counsel for Dis. v. Jones, 270 Neb. 471, 478, 704 N.W.2d 216, 223 (2005). In a reciprocal discipline proceeding, "a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction." State ex rel. Counsel for Dis. v. Petersen, 267 Neb. 176, 177, 672 N.W.2d 637, 638 (2004). We therefore determine that the imposition of discipline is appropriate in this case.
With respect to the type of discipline appropriate in an individual case, we have stated that "[e]ach case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case." State ex rel. Counsel for Dis. v. Hart, 270 Neb. 768, 771, 708 N.W.2d 606, 609 (2005). Neb. Ct. R. of Discipline 4 (rev. 2004) provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension. For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. State ex rel. Counsel for Dis. v. Horneber, 270 Neb. 951, 708 N.W.2d 620 (2006). We apply these factors to the instant reciprocal discipline case.
We have noted that the determination of an appropriate penalty to be imposed on an attorney requires consideration of any mitigating factors. State ex rel. Counsel for Dis. v. Hart, supra. Respondent urges as a mitigating factor his "addiction to gambling." We have taken this into account; however, any mitigating effect that might have resulted from this condition is overshadowed by the facts in the instant case. We agree with the Iowa Supreme Court, which stated that "[u]nfortunately, [respondent's gambling] is a matter which, although regrettable and cause for sympathy, does not obviate the seriousness of the improper attorney conduct that has occurred." Iowa Supreme Ct. Atty. Disc. Bd. v. Reilly, 708 N.W.2d 82, 85 (Iowa 2006).
We have considered the case file and the applicable law. Upon due consideration, the court finds that respondent should be disbarred from the practice of law in the State of Nebraska, effective immediately.

*280 CONCLUSION
The motion for reciprocal discipline is granted. It is the judgment of this court that respondent should be and is hereby disbarred from the practice of law in the State of Nebraska, and we therefore order him disbarred from the practice of law, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, he shall be subject to punishment for contempt of this court. Furthermore, respondent is directed to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2005) and 23 (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by this court.
JUDGMENT OF DISBARMENT.