identification was reliable and its admission was not a violation of due process.

### (c) Conclusion Regarding
### Eyewitness Identifications

In considering the reliability factors set forth above, the eyewitness identifications of both Herbert and Myers were reliable. Moreover, the descriptions separately provided by Herbert and Myers were not inconsistent with each other, nor were they inconsistent with the other evidence produced at trial. As such, both identifications were admissible. Jones' second assignment of error is without merit.

### VI. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

Affirmed.

———————————

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator, v.
Donna J. Tonderum, respondent.
___ N.W.2d ___

Filed November 22, 2013.    No. S-13-083.

1. **Disciplinary Proceedings.** A proceeding to discipline an attorney is a trial de novo on the record.
2. ____. Under Neb. Ct. R. § 3-304, the Nebraska Supreme Court may impose one or more of the following disciplines: (1) disbarment; (2) suspension; (3) probation in lieu of or subsequent to suspension, on such terms as the court may designate; or (4) censure and reprimand.
3. ____. To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, the Nebraska Supreme Court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law.
4. ____. Each attorney discipline case must be evaluated individually in light of its particular facts and circumstances, and the Nebraska Supreme Court considers the attorney's acts underlying the events of the case and throughout the proceedings.

5.  ____. In determining the appropriate discipline of an attorney, the Nebraska Supreme Court considers the discipline imposed in cases presenting similar circumstances.
6.  ____. The Nebraska Supreme Court considers an attorney's failure to respond to inquiries and requests for information from the Counsel for Discipline as an important matter and as a threat to the credibility of attorney disciplinary proceedings.

Original action. Judgment of suspension.

Kent L. Frobish, Assistant Counsel for Discipline, for relator.

No appearance for respondent.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

The Counsel for Discipline of the Nebraska Supreme Court, relator, filed formal charges against Donna J. Tonderum for disclosing confidential information regarding criminal charges against a former client in order to ensure the client's conviction. Tonderum failed to respond to the formal charges. Upon relator's motion for judgment on the pleadings, we entered judgment limited to the facts but reserved ruling on the appropriate discipline. We now conclude that an indefinite suspension from the practice of law is the proper sanction.

## BACKGROUND

Tonderum was admitted to the practice of law in Nebraska on September 19, 2003. She engaged in the private practice of law in Elkhorn, Nebraska.

On February 5, 2013, relator filed formal charges against Tonderum. Although Tonderum was served with the formal charges, she did not respond to them. On April 3, relator moved for a judgment on the pleadings. On May 8, we granted judgment on the pleadings as to the facts alleged in the formal charges, but we directed the parties to brief the issue of discipline. Only relator filed a brief.

The record in this case is composed of the uncontested formal charges. On August 13, 2012, the State charged Tonderum's client with first degree sexual assault in the county court for Platte County, Nebraska. On that same date, Tonderum appeared in court with her client and entered her appearance on his behalf. A preliminary hearing was set for September 10. At all relevant times, the chief deputy county attorney for Platte County prosecuted the case against Tonderum's client.

On or before August 21, 2012, Tonderum's client and his family hired another attorney to take over his representation. Tonderum was informed that her representation of the client was terminated. On August 21, the other attorney entered his appearance on behalf of the client and a copy of his entry of appearance was mailed to Tonderum.

On September 7, 2012, Tonderum called the prosecutor to discuss the pending case. Tonderum stated that she no longer represented her former client because he had rejected her advice and hired the other attorney. Tonderum stated that she "hated" the other attorney, that she knew her former client was guilty, and that she wanted to make sure the prosecutor sent Tonderum's former client to prison. Tonderum gave the prosecutor the names of several witnesses related to the former client's case, stated what their testimonies would be, provided contact information for certain witnesses, and stated what she expected the defense strategy to be.

On September 10, 2012, the prosecutor notified relator regarding her September 7 telephone conversation with Tonderum. The prosecutor also informed the defendant's new attorney of the conversation with Tonderum and of the need for the prosecutor's office to withdraw from prosecuting the case. Upon the prosecutor's motion, the district court appointed a special prosecutor.

A grievance was filed against Tonderum based upon the information provided by the prosecutor. The grievance was mailed to Tonderum by relator on September 11, 2012. On September 17, Tonderum mailed her response. In her response, Tonderum asserted that the allegations were false. She admitted speaking to the prosecutor by telephone on September 7, but denied that she had made the statements attributed to her.

Tonderum admitted that she no longer represented the client on September 7 and that she discussed his case with the prosecutor, including identifying several witnesses and what their testimonies would be.

The formal charges were then filed. Relator alleged that Tonderum's acts violated Neb. Rev. Stat. § 7-104 (Reissue 2012), Tonderum's oath of office as an attorney licensed to practice law in the State of Nebraska, and the Nebraska rules governing professional conduct. Specifically, relator alleged that Tonderum violated Neb. Ct. R. of Prof. Cond. §§ 3-501.6(a) (confidentiality of information); 3-508.1(a) (bar admission and disciplinary matters); and 3-508.4(a), (c), and (d) (misconduct). As we have already noted, Tonderum failed to respond to the formal charges, resulting in a judgment on the pleadings as to the facts.

## ANALYSIS

[1] A proceeding to discipline an attorney is a trial de novo on the record.[1] Because we granted judgment on the pleadings as to the facts, the only issue before us is the appropriate discipline.[2]

[2,3] Under Neb. Ct. R. § 3-304, we may impose one or more of the following disciplines: (1) disbarment; (2) suspension; (3) probation in lieu of or subsequent to suspension, on such terms as we may designate; or (4) censure and reprimand.[3] To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law.[4]

[1] *State ex rel. Counsel for Dis. v. Cording*, 285 Neb. 146, 825 N.W.2d 792 (2013).

[2] See *id.*

[3] *State ex rel. Counsel for Dis. v. Palik*, 284 Neb. 353, 820 N.W.2d 862 (2012).

[4] *Id.*

[4] Each attorney discipline case must be evaluated individually in light of its particular facts and circumstances, and this court considers the attorney's acts underlying the events of the case and throughout the proceedings.[5] Tonderum has been licensed to practice law since September 2003, and this is the first disciplinary proceeding initiated against her. In other words, she had an unblemished disciplinary record for the 9-year period from her admission until the instant violation. But her breach of client confidentiality is an extremely serious offense. Moreover, it caused the prosecutor's office to withdraw from the case and necessitated the appointment of a special prosecutor. And when confronted with the initial grievance, Tonderum responded by essentially accusing the prosecutor of lying. Tonderum has since failed to respond to the formal charges and, thus, has not provided us with any evidence of other mitigating circumstances.

[5] In determining the appropriate discipline of an attorney, we consider the discipline imposed in cases presenting similar circumstances.[6] As relator correctly observes, there are no published Nebraska decisions in which an attorney has been sanctioned for violating § 3-501.6.

Although we also look to cases involving the predecessor to that rule, Canon 4, DR 4-101, of the Code of Professional Responsibility, they provide only limited guidance. In *State ex rel. Counsel for Dis. v. Beach*,[7] an attorney disclosed confidential information about a client after disciplinary charges were filed against him. This court determined that disbarment was appropriate, but the attorney in that case had exhibited a pattern of abusive conduct and had two prior reprimands before the two cases at issue. In *State ex rel. Counsel for Dis. v. Lopez Wilson*,[8] an attorney threatened to reveal client confidences

---

[5] *State ex rel. Counsel for Dis. v. Cording, supra* note 1.

[6] See *State ex rel. Counsel for Dis. v. Walocha*, 283 Neb. 474, 811 N.W.2d 174 (2012).

[7] *State ex rel. Counsel for Dis. v. Beach*, 272 Neb. 337, 722 N.W.2d 30 (2006).

[8] *State ex rel. Counsel for Dis. v. Lopez Wilson*, 262 Neb. 653, 634 N.W.2d 467 (2001).

upon learning of the client's intimate relationship with the attorney's ex-wife. We determined that the attorney should be suspended from the practice of law for 2 years. As we stated in that case:

>    Respondent's conduct has a chilling effect on the public's perception of attorneys and the [Nebraska State Bar Association] in general. The maintenance of the reputation of the [Nebraska State Bar Association] as a whole depends in part on the client's ability to be able to fully confide in his or her attorney. If clients do not believe they can do this, then attorneys will no longer be able to fully and zealously represent their clients.[9]

Similarly, Tonderum's conduct in using information obtained from a former client against that client reflects negatively on the public's perception of attorneys and could deter clients from being completely honest with their attorneys.

Relator directs us to a somewhat similar case from another jurisdiction. In *The Florida Bar v. Knowles*,[10] an attorney who had been practicing law for approximately 4 years at the time of the misconduct informed an assistant state attorney that she believed her client would lie in court and sent confidential client paperwork to that attorney. The Florida Supreme Court stated: "A lawyer who is upset with her client is not permitted to turn on her client and begin disparaging and betraying her. Rather, the lawyer must maintain client confidences, even after withdrawing from representation."[11] The court determined that a 1-year suspension was appropriate. However, we believe that a 1-year suspension is not adequate under the circumstances of the instant case.

We have found no case law from other jurisdictions imposing disbarment without the attorney's having profited from the disclosure of client confidences[12] or without multiple

---

[9] *Id.* at 661, 634 N.W.2d at 474.

[10] *The Florida Bar v. Knowles*, 99 So. 3d 918 (Fla. 2012).

[11] *Id.* at 924.

[12] See *In re Smith*, 991 N.E.2d 106 (Ind. 2013).

other instances of misconduct.[13] Although we have not often looked to the ABA Standards for Imposing Lawyer Sanctions[14] for guidance[15] and they are not in any sense controlling, we observe that the ABA standards suggest different consequences for an attorney's failure to preserve the client's confidences depending upon the circumstances of the disclosure and the resulting effect upon the client. Generally, the ABA standards suggest suspension for an intentional disclosure that injures a client but does not benefit the lawyer or another.[16] On the other hand, the ABA standards recommend disbarment where the intentional disclosure injures a client and is done with the intent to benefit the lawyer or another.[17] This distinction would suggest suspension of Tonderum rather than disbarment, as she apparently sought no benefit for herself or another.

[6] Tonderum's failure to respond to the formal charges filed by relator is also troublesome. We consider an attorney's failure to respond to inquiries and requests for information from relator as an important matter and as a threat to the credibility of attorney disciplinary proceedings.[18] As noted, Tonderum's failure to file an answer to the formal charges leaves us without any record of mitigating factors, other than her previous record of no violations, and no way to assess her fitness to practice law.

In *State ex rel. Counsel for Dis. v. Sutton*,[19] an attorney failed to respond to the formal charges, leaving this court

---

[13] See, e.g., *People v. Bannister*, 814 P.2d 801 (Colo. 1991); *In re Ingersoll*, 186 Ill. 2d 163, 710 N.E.2d 390, 237 Ill. Dec. 760 (1999); *Matter of Ghobashy*, 185 A.D.2d 23, 592 N.Y.S.2d 322 (1993).

[14] ABA Standards for Imposing Lawyer Sanctions (rev. 1992).

[15] See, e.g., *State ex rel. Counsel for Dis. v. Orr*, 277 Neb. 102, 759 N.W.2d 702 (2009).

[16] ABA Standards, *supra* note 14, § 4.22.

[17] *Id.*, § 4.21.

[18] See *State ex rel. Counsel for Dis. v. Wickenkamp*, 277 Neb. 16, 759 N.W.2d 492 (2009).

[19] *State ex rel. Counsel for Dis. v. Sutton*, 269 Neb. 640, 694 N.W.2d 647 (2005).

with a lack of information regarding the nature and extent of the misconduct and the attorney's present or future fitness to practice law. We declined to disbar the attorney and instead imposed an indefinite suspension. Similarly, under the facts of this case, we conclude that an indefinite suspension, with a minimum suspension of 3 years, is the appropriate discipline.

## CONCLUSION

We find and hereby order that Tonderum should be indefinitely suspended from the practice of law in the State of Nebraska effective upon the filing of this opinion, with a minimum suspension of 3 years. Any application for reinstatement filed by Tonderum after the minimum suspension period shall include a showing under oath which demonstrates her fitness to practice law and fully addresses the circumstances of the instant violation.

Tonderum is directed to comply with Neb. Ct. R. § 3-316, and upon failure to do so, she shall be subject to punishment for contempt of this court. Tonderum is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) and 3-323(B) within 60 days after the order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION.

---

IN RE INTEREST OF VIOLET T., A CHILD
UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLANT, V.
ABIGAEL T., APPELLEE.
___ N.W.2d ___

Filed November 22, 2013.    No. S-13-084.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision.
2. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.