STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR, V. JOHN I. SUTTON, RESPONDENT.

684 N.W.2d 23

Filed July 30, 2004.   No. S-03-1113.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

On September 29, 2003, formal charges containing two counts were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against John I. Sutton, respondent. Respondent's answer disputed the allegations. A referee was appointed. On April 8, 2004, the referee's hearing was held on the charges. Respondent appeared. Both the complainant, Ryan Weber, and respondent, testified. Twenty exhibits were admitted into evidence.

The referee filed a report on May 10, 2004. With respect to the charges, the referee concluded that respondent's conduct had breached the following disciplinary rules of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule), DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1-102(A)(5) (engaging in conduct prejudicial to administration of justice); Canon 3, DR 3-101(B) (violating rules regarding practice of law); Canon 6, DR 6-101(A)(3) (neglecting legal matter); and Canon 9, DR 9-102(A)(2) (concerning obligation to deposit client funds in trust account), and DR 9-102(B)(4) (returning client funds or properties as requested). The referee further found that respondent had violated his oath of office as an attorney. Neb. Rev. Stat. § 7-104 (Reissue 1997). With respect to the discipline to be imposed, the referee recommended that respondent be suspended from the practice of law for a period of 1 year. The referee also recommended that following suspension, respondent's reinstatement be conditioned on respondent's demonstrated ability to practice law. Neither relator nor respondent filed exceptions to the referee's report. Relator filed a motion for judgment on the pleadings under Neb. Ct. R. of Discipline 10(L) (rev. 2003). We grant the motion for judgment on the pleadings and impose discipline as indicated below.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 12, 1979. He has practiced in Douglas County, Nebraska.

Based upon respondent's testimony during the hearing, the referee concluded that the material facts in this case are generally not

in dispute. The substance of the referee's findings may be summarized as follows: As to count I of the formal charges, the referee found that respondent had been hired by Weber to file a lawsuit against two individuals and to incorporate a business. Weber paid respondent a total of $2,173 for costs and attorney fees, a portion of which, the record reflects, consisted of advanced costs and fees. Respondent failed to deposit these advanced funds in his attorney trust account. Further, respondent failed to file the lawsuit, despite representations to Weber that the suit had been filed. With regard to the business Weber hired respondent to incorporate, the referee found that "the only document ever given . . . to . . . Weber was a bare-bones set of articles of incorporation. . . . No bylaws or minutes on [sic] corporate minute book w[as] ever prepared or sent" to Weber by respondent. The referee found that respondent returned $400 of the advanced fees to Weber and promised "to work the balance off in free legal work, but [respondent] never followed through on that promise." The referee also found that respondent failed to respond to repeated inquiries from relator's office regarding respondent's representation of Weber, until he was advised that relator would seek temporary suspension if respondent failed to respond.

As to count II of the formal charges, the referee found that on or about May 13, 2002, respondent was notified that he had not paid his 2002 dues to the Nebraska State Bar Association. Respondent failed to reply to this letter, and on July 2, this court suspended respondent from the practice of law due to his failure to pay his annual dues. The referee found that respondent continued to practice law despite having been suspended. On November 12, following respondent's satisfaction of his bar dues, respondent was reinstated to practice law.

In his report filed May 10, 2004, the referee specifically found by clear and convincing evidence that respondent had violated the disciplinary rules as indicated above, as well as his oath of office as an attorney. The referee also found certain aggravating and mitigating factors present. As an aggravating factor, the referee found that respondent had previously received a private reprimand in a disciplinary matter involving allegations similar to the instant case. The mitigating factors noted by the referee included respondent's cooperation with relator, albeit "belated,"

his demeanor during the hearing, and "his recognition that he has a serious, longstanding problem which must be addressed." In this regard, we note that the record contains evidence of respondent's admitted misuse of prescription drugs and his treatment for depression. The record also contains evidence of certain health conditions from which respondent has suffered in the past or is presently suffering.

With respect to the sanction which ought to be imposed for the foregoing violations, and considering the aggravating and mitigating factors the referee found present in the case, the referee recommended that respondent's license to practice law should be suspended for a period of 1 year. The referee also recommended that following this suspension, the grant of respondent's application for reinstatement, if any, be conditioned on respondent's demonstrated ability to practice law.

## ANALYSIS

In view of the fact that neither party filed written exceptions to the referee's report, relator filed a motion for judgment on the pleadings under rule 10(L). When no exceptions are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive. *State ex rel. Counsel for Dis. v. Janousek*, 267 Neb. 328, 674 N.W.2d 464 (2004). Based upon the findings in the referee's report, which we consider to be final and conclusive, we conclude the formal charges are supported by clear and convincing evidence, and the motion for judgment on the pleadings is granted.

A proceeding to discipline an attorney is a trial de novo on the record. *Id.* To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. *Id.* Violation of a disciplinary rule concerning the practice of law is a ground for discipline. *State ex rel. Counsel for Dis. v. Villarreal*, 267 Neb. 353, 673 N.W.2d 889 (2004).

Based on the record and the undisputed findings of the referee, we find that the above-referenced facts have been established by clear and convincing evidence. Based on the foregoing evidence, we conclude that by virtue of respondent's conduct, respondent has violated DR 1-102(A)(1), (4), and (5); DR 3-101(B); DR 6-101(A)(3); and DR 9-102(A)(2) and (B)(4). The record

also supports a finding by clear and convincing evidence that respondent violated his oath of office as an attorney, and we find that respondent has violated said oath.

We have stated that "[t]he basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances." *State ex rel. Counsel for Dis. v. Swanson*, 267 Neb. 540, 551, 675 N.W.2d 674, 682 (2004). Neb. Ct. R. of Discipline 4 (rev. 2004) provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

See, also, rule 10(N).

With respect to the imposition of attorney discipline in an individual case, we have stated that "[e]ach attorney discipline case must be evaluated individually in light of its particular facts and circumstances." *State ex rel. Counsel for Dis. v. Swanson*, 267 Neb. at 549, 675 N.W.2d at 681. For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. *State ex rel. Counsel for Dis. v. Rokahr*, 267 Neb. 436, 675 N.W.2d 117 (2004).

To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *Id.*

We have noted that the determination of appropriate discipline to be imposed on an attorney requires consideration of any aggravating and mitigating factors. *State ex rel. Special Counsel for Dis. v. Fellman*, 267 Neb. 838, 678 N.W.2d 491 (2004).

The evidence in the present case establishes among other facts that respondent has neglected several legal matters for a client, failed to deposit client funds in his attorney trust account, failed to return funds to a client, failed to respond to relator's inquiries, and practiced law while under a suspended license.

As an aggravating factor, we note respondent's prior private reprimand for conduct similar to that which occurred in this case. As a mitigating factor, we note respondent's cooperation during the disciplinary hearing.

We have considered the record, the findings which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, the court finds that respondent should be suspended from the practice of law for a period of 1 year. Should respondent apply for reinstatement, his reinstatement shall be conditioned as follows: Respondent shall be on probation for a period of 2 years following reinstatement, during which period respondent (1) shall be supervised by an attorney approved by relator, which attorney shall file quarterly reports with relator, summarizing respondent's progress and his adherence to the Code of Professional Responsibility, and (2) shall continue treatment as directed by his physicians, psychiatrist, and substance abuse counselor.

## CONCLUSION

The motion for judgment on the pleadings is granted. We find by clear and convincing evidence that respondent violated DR 1-102(A)(1), (4), and (5); DR 3-101(B); DR 6-101(A)(3); DR 9-102(A)(2) and (B)(4); and his oath of office as an attorney. It is the judgment of this court that respondent should be and is hereby suspended from the practice of law for a period of 1 year, effective immediately, after which period, respondent may apply for reinstatement, subject to the terms outlined above. Respondent shall comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent

is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and rule 10(P) and Neb. Ct. R. of Discipline 23(B) (rev. 2001).

JUDGMENT OF SUSPENSION.

McCormack, J., not participating.