STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR, v. MARY C. WICKENKAMP, RESPONDENT.

725 N.W.2d 811

Filed January 12, 2007.   No. S-05-1251.

John W. Steele, Assistant Counsel for Discipline, for relator.

Mary C. Wickenkamp, pro se.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

On October 14, 2005, formal charges were filed by the office of the Counsel for Discipline, relator, against Mary C. Wickenkamp, respondent. The formal charges set forth three counts that included allegations that respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule), DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and DR 1-102(A)(5) (engaging in conduct prejudicial to administration of justice); Canon 6, DR 6-101(A)(3) (neglecting legal matter); and Canon 7, DR 7-101(A)(2) (failing to carry out contract of employment for professional services), as well as her oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997). Respondent's answer disputed the allegations.

A referee was appointed who heard evidence. The referee filed a report on May 22, 2006. With respect to the formal charges, the referee concluded that respondent's conduct had violated DR 1-102(A)(1), (4), and (5); DR 6-101(A)(3); DR 7-101(A)(2); and her oath as an attorney. The referee recommended that respondent receive a public reprimand and be placed on probation for a period of 12 months, during which probationary period, respondent would engage and work with a practicing attorney to monitor respondent's practice.

On June 6, 2006, relator filed a motion for judgment on the pleadings, requesting that this court accept the referee's recommendation and enter judgment thereon. The motion was not opposed. We sustain in part, and in part overrule relator's motion. Because we adopt the referee's findings of fact, we sustain that portion of the motion that seeks a determination that respondent has violated the Code of Professional Responsibility provisions set forth above, as well as her oath of office as an attorney. However, to the extent relator's motion for judgment on the pleadings asks this court to adopt the discipline proposed by the referee, the motion is overruled, and we impose discipline as indicated below.

## FACTS

The referee's hearing was held on March 30, 2006. Respondent testified during the hearing. A total of 11 exhibits were admitted into evidence. Included in the exhibits were two private reprimands that respondent had previously received involving two prior and unrelated attorney discipline proceedings. The first private reprimand was dated December 18, 2000, and the second was dated October 30, 2003.

The substance of the referee's findings may be summarized as follows:

Respondent was admitted to the practice of law in the State of Nebraska in 1980. She has practiced in Lancaster County, Nebraska.

With regard to count I of the formal charges, the referee found that in May 2004, respondent was retained by Mauro Martinez to represent him in a postconviction action in district court. On September 27, Martinez signed the verification section of the

postconviction application. From September 2004 to February 2005, Martinez attempted unsuccessfully to contact respondent by telephone and by mail. In February, Martinez filed a grievance with relator regarding respondent's failure to file the postconviction application. On April 2, respondent sent a letter to relator, claiming that she had filed the application and stating that the only thing remaining to be done was to appear in district court for the hearing. On May 12, relator advised respondent that the application had not been filed. Respondent ultimately filed the application on June 10.

With regard to count II of the formal charges, the referee found that in August 2002, respondent was retained by Barbara White to represent White's son, Christopher Graybill, in a postconviction action. White paid respondent a $5,000 retainer, the receipt of which respondent acknowledged. Thereafter, respondent conducted some investigation into filing a postconviction action on behalf of Graybill but failed to actually file the postconviction action. Respondent claims that she advised Graybill that she would not file the action. No evidence was offered at the hearing, however, showing any correspondence between respondent and Graybill advising Graybill that respondent would not be filing the postconviction action.

With regard to count III of the formal charges, the referee found that during respondent's representation of Graybill concerning the possible postconviction action, White and Graybill contacted respondent regarding an appeal of a prison administrative matter brought against Graybill for his involvement in a fight with another prisoner. Respondent advised White and Graybill that $1,200 of the original $5,000 retainer remained and that she would apply the $1,200 to her representation of Graybill in the administrative appeal.

The referee further found that while the administrative appeal was pending, the State filed in county court an assault charge against Graybill stemming from the prison incident. Pursuant to Graybill's request, respondent agreed to represent Graybill in the assault case for an additional fee. Respondent filed a plea in bar on the basis of double jeopardy and attended a March 17, 2004, hearing thereon. The county court gave respondent until April 21 to file a posthearing brief. On May 18, the county court

judge's office contacted respondent to see if she was filing her brief. Respondent informed the judge's office that she would file her brief. Respondent claims that thereafter, she attempted to hand deliver her brief to the judge's office and slid it under the judge's door when she found the office locked. The referee found that respondent failed to contact the judge's office after she purportedly delivered the brief to confirm that the judge had received the brief. The referee further found that on May 24, the county court, having not received respondent's brief, overruled respondent's plea in bar.

At some point, an appeal in connection with the plea in bar was filed in the Nebraska Court of Appeals, and the Court of Appeals, without opinion, summarily affirmed the county court's judgment. See *State v. Graybill*, 13 Neb. App. xxix (No. A-04-776, Apr. 19, 2005). Respondent claimed that she notified Graybill of the Court of Appeals' decision. Graybill denied receiving notice from respondent that his appeal had been decided. Respondent offered no evidence during the hearing showing that a transmittal letter or any other type of correspondence had been sent to Graybill regarding the decision.

Based upon the evidence offered during the hearing, the referee found that respondent's actions constituted a violation of respondent's oath of office as an attorney and the following provisions of the Code of Professional Responsibility: DR 1-102(A)(1), (4), and (5); DR 6-101(A)(3); and DR 7-101(A)(2). With respect to the discipline to be imposed, the referee recommended that respondent receive a public reprimand and be placed on probation for a period of 12 months, during which probationary period, respondent would engage and work with a practicing attorney to monitor respondent's practice.

No exceptions were filed to the referee's report. On June 6, 2006, relator filed a motion for judgment on the pleadings, in which relator moved this court to enter judgment in conformity with the referee's report and recommendation. We ordered that the case proceed to briefing and oral argument. In their briefs, the parties urge the court to accept the referee's findings and recommended discipline. The parties filed a stipulation waiving oral argument on December 4, 2006.

## ANALYSIS

We note that all of respondent's conduct at issue in this case occurred prior to the September 1, 2005, effective date of the Nebraska Rules of Professional Conduct and is, therefore, governed by the now-superseded Code of Professional Responsibility.

■ A proceeding to discipline an attorney is a trial de novo on the record. *State ex rel. Counsel for Dis. v. Muia*, 271 Neb. 287, 711 N.W.2d 850 (2006). To sustain a charge in a disciplinary proceeding against an attorney, a charge must be supported by clear and convincing evidence. *State ex rel. Counsel for Dis. v. Horneber*, 270 Neb. 951, 708 N.W.2d 620 (2006). Violation of a disciplinary rule concerning the practice of law is a ground for discipline. *State ex rel. Counsel for Dis. v. Chapin*, 270 Neb. 56, 699 N.W.2d 359 (2005).

■ As noted above, neither party filed written exceptions to the referee's report. Pursuant to Neb. Ct. R. of Discipline 10(L) (rev. 2005), relator filed a motion for judgment on the pleadings. When no exceptions to the referee's findings of fact are filed by either party in an attorney discipline proceeding, the Nebraska Supreme Court may, in its discretion, consider the referee's findings final and conclusive. See *State ex rel. Counsel for Dis. v. Widtfeldt*, 271 Neb. 851, 716 N.W.2d 68 (2006). Based upon the undisputed findings of fact in the referee's report, which we consider to be final and conclusive, we conclude the formal charges are supported by clear and convincing evidence, and the motion for judgment on the pleadings is granted, in part. Specifically, based upon the foregoing evidence, we conclude that by virtue of respondent's conduct, respondent has violated her oath of office as an attorney, § 7-104, and the following provisions of the Code of Professional Responsibility: DR 1-102(A)(1), (4), and (5); DR 6-101(A)(3); and DR 7-101(A)(2).

■ We have stated that the basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. *State ex rel. Counsel for Dis. v. Reilly*, 271 Neb. 465, 712 N.W.2d 278 (2006). Neb. Ct. R. of Discipline 4 (rev. 2004) provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

See, also, rule 10(N).

With respect to the imposition of attorney discipline in an individual case, we have stated that "[e]ach attorney discipline case must be evaluated individually in light of its particular facts and circumstances." *State ex rel. Counsel for Dis. v. Widtfeldt*, 271 Neb. at 857, 716 N.W.2d at 72. For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. *State ex rel. Counsel for Dis. v. Reilly, supra*. The determination of an appropriate penalty to be imposed on an attorney in a disciplinary proceeding also requires the consideration of any aggravating or mitigating factors. See *State ex rel. Counsel for Dis. v. Hart*, 270 Neb. 768, 708 N.W.2d 606 (2005). We have considered prior reprimands as aggravators. See, *State ex rel. Counsel for Dis. v. Jones*, 270 Neb. 471, 704 N.W.2d 216 (2005); *State ex rel. Counsel for Dis. v. Sutton*, 268 Neb. 485, 684 N.W.2d 23 (2004).

We have considered the referee's report and recommendation, the findings of which have been established by clear and convincing evidence, and the applicable law. In his report, the referee recommended that with respect to the discipline to be imposed, respondent should receive a public reprimand and be placed on probation for a period of 12 months, during which probationary period, respondent would engage and work with a practicing attorney to monitor respondent's practice. We disagree with the referee's recommendation, and to the extent relator's motion for judgment on the pleadings requests that this court accept the referee's recommendation with respect to discipline

and enter judgment thereon, that portion of the motion for judgment on the pleadings is overruled.

This court is seriously concerned with respondent's repeated neglect of matters entrusted to her. See *State ex rel. Counsel for Dis. v. Sipple*, 265 Neb. 890, 902, 660 N.W.2d 502, 512 (2003) (discussing attorney's prior private reprimands and stating that "we have held that cumulative acts of attorney misconduct are distinguishable from isolated incidents, therefore justifying more serious sanctions"). We further note that the record reflects respondent has received two prior private reprimands, one of which involved similar neglectful conduct, which we consider as aggravating factors in imposing discipline in this case. Upon due consideration of the record, the court finds that respondent should be and hereby is suspended from the practice of law for a period of 12 months, effective immediately. Respondent shall comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, she shall be subject to punishment for contempt of this court. At the end of the 12-month suspension period, respondent may apply to be reinstated to the practice of law, provided that respondent has demonstrated her compliance with rule 16, and further provided that relator has not notified this court that respondent has violated any disciplinary rule during her suspension. Should respondent apply for reinstatement, her reinstatement, if granted, shall be conditioned as follows: Respondent shall be on probation for a period of 2 years following reinstatement, during which period respondent will:

(1) be monitored by an attorney approved by relator;

(2) enter into engagement letters with each client, which letter will describe, at a minimum, the services to be provided by respondent to the client, the fee arrangement between respondent and the client, and any requirements imposed by respondent upon the client (i.e., delivery of documents);

(3) provide the monitoring attorney, on a monthly basis, with copies of each engagement letter entered into in the previous month, and a list of all cases for which respondent is then currently responsible, said list to include the following information for each case: (a) the date the attorney-client relationship began; (b) the type of case (i.e., criminal, dissolution, probate, contract); (c) the last date and type of work completed on the case; (d) the

next type of work and date to be completed on the case; and (e) any applicable statute of limitations and its date;

(4) meet on a monthly basis with the monitoring attorney to discuss respondent's pending cases; and

(5) work with the monitoring attorney to develop and implement appropriate office procedures to ensure that client matters are handled in a timely manner.

If at any time the monitoring attorney believes respondent has violated a disciplinary rule, or has failed to comply with the terms of probation, the monitoring attorney shall report the same to relator.

## CONCLUSION

Relator's motion for judgment on the pleadings is sustained in part, and in part overruled. We find by clear and convincing evidence that respondent violated DR 1-102(A)(1), (4), and (5); DR 6-101(A)(3); and DR 7-101(A)(2), as well as her oath of office as an attorney. It is the judgment of this court that respondent should be and hereby is suspended from the practice of law for a period of 12 months, effective immediately. In the event respondent seeks and is granted reinstatement, her reinstatement will be conditioned on a 2-year period of monitored probation, subject to the terms set forth above. Respondent is directed to comply with rule 16, and upon failure to do so, she shall be subject to punishment for contempt of this court. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997), rule 10(P), and Neb. Ct. R. of Discipline 23(B) (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION.