STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
V. EDOUARDO ZENDEJAS, RESPONDENT.
743 N.W.2d 765

Filed January 18, 2008. No. S-06-269.

Kent L. Frobish, Assistant Counsel for Discipline, for relator.

Edouardo Zendejas, pro se.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

The office of the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent, Edouardo Zendejas. After a formal hearing, the referee concluded that Zendejas had violated the Code of Professional Responsibility and recommended a suspension of 30 days. While we adopt the findings of the referee and conclude that Zendejas violated the Code of Professional Responsibility and the Nebraska Rules of Professional Conduct, we do not accept the discipline recommended by the referee. We instead impose discipline as indicated below.

## FACTS

On August 3, 2006, formal charges were filed by the office of the Counsel for Discipline against Zendejas. Those formal charges set forth one count, that Zendejas had violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule); Canon 6, DR 6-101(A)(3) (neglecting legal matter); Canon 9, DR 9-102(B)(3) (failing to render appropriate account records to client); and DR 9-102(B)(4) (failing to promptly pay as requested by client funds that client is entitled to receive). The formal charges also alleged that Zendejas violated Neb. Ct. R. of Prof. Cond. 8.4(d) (rev. 2005) (engaging in conduct prejudicial to administration of justice), as well as his oath of office as an attorney.[1] In his answer, Zendejas disputed these allegations.

A referee's hearing was held on March 5, 2007. Zendejas, acting pro se, testified during the hearing. In addition, 18 exhibits were introduced into evidence. The referee's findings were announced in an April 5 report. The substance of those findings is as follows:

Zendejas was admitted to the practice of law in the State of Nebraska in 1991. He is authorized to practice law in several

---

[1] Neb. Rev. Stat. § 7-104 (Reissue 1997).

tribal courts, including the Ponca Tribal Court and the Winnebago Tribal Court. Zendejas has worked full time as general counsel for the Omaha Tribe and teaches in the native studies department at the University of Nebraska at Omaha.

In approximately November 2003, Zendejas was retained by William Zuck to represent Zuck in a postconviction action in district court. Zendejas had not previously handled a postconviction action. On November 21, Zuck paid Zendejas $9,000. On December 3, 2004, Zuck paid Zendejas an additional $5,000.

Between November 2003 and October 2005, Zendejas failed to file a postconviction action on behalf of Zuck, despite his receipt of $14,000 from Zuck. On October 7, 2005, the Counsel for Discipline received a letter from Zuck regarding Zendejas' representation, in which Zuck sought, inter alia, a refund from Zendejas of moneys paid. On October 11, the Counsel for Discipline forwarded Zuck's letter to Zendejas and requested a written response. The Counsel for Discipline received no response and, on November 18, sent another letter to Zendejas requesting a response to Zuck's letter. On November 29, Zendejas notified the Counsel for Discipline that Zuck would be reimbursed in the amount of $11,368 within 10 days and that Zendejas would retain $2,632 in out-of-pocket expenses. Zuck notified the Counsel for Discipline that he would accept the $11,368 payment in settlement of his claim.

However, Zendejas did not reimburse Zuck within 10 days. On January 5, 2006, Zendejas was directed to provide to the Counsel for Discipline a copy of the refund check he had sent to Zuck. No response was received, and on January 19, the Counsel for Discipline again wrote Zendejas requesting a response to the January 5 letter. On January 27, the Counsel for Discipline converted Zuck's original letter of complaint into a grievance under Neb. Ct. R. of Discipline 9(E) (rev. 2001). The Counsel for Discipline sent Zendejas a certified letter directing Zendejas to answer, within 15 days, specific questions about his representation of Zuck.

On January 31, 2006, Zendejas replied to the Counsel for Discipline's January 27 letter, but did not answer the specific questions posed. Rather, Zendejas indicated that his failure to pay was the result of delays in a real estate closing. On

February 21, Zendejas sent to the Counsel for Discipline a letter and a copy of a check for $7,000 payable to Zuck. In the letter, Zendejas indicated that the balance would be paid to Zuck within 30 days. On that same day, the Counsel for Discipline informed Zendejas, via letter, that it was still requesting a written response to its January 27 letter.

Zuck eventually received the $7,000 check during the week of March 12, 2006. No explanation was given in the record as to the delay between the time the copy of the check was mailed to the Counsel for Discipline and Zuck's receipt of the check. At oral argument, Zendejas claimed the delay was due to an issue in which the particular envelope he used to send the check had been rejected by the correctional facility holding Zuck.

On March 27, 2006, Zendejas replied to the Counsel for Discipline's January 27 letter requesting information regarding his representation of Zuck. In that response, Zendejas indicated he would pay Zuck the balance due of $4,368 "as early as tomorrow, March 28, 2006." However, the Counsel for Discipline did not receive a copy of the final check, in the amount of $4,340, until May 8. We note that the final amount paid to Zuck was $28 less than the amount Zendejas indicated would be paid to Zuck.

The referee issued his report on April 5, 2007. In that report, the referee concluded Zendejas' conduct was in violation of DR 1-102(A)(1), DR 6-101(A)(3), DR 9-102(B)(3) and (4), rule 8.4(d), and his oath as an attorney. The referee recommended that Zendejas be temporarily suspended from the practice of law for a period of 30 days. No exceptions to this report were filed. On April 18, the Counsel for Discipline filed a motion for judgment on the pleadings, requesting that this court accept the referee's recommendation and enter judgment thereon.

## ANALYSIS

As an initial matter, we note that some of Zendejas' conduct at issue occurred prior to September 1, 2005, and is governed by the now-superseded Code of Professional Responsibility. Other conduct at issue occurred on or after September 1, 2005, the effective date of the Nebraska Rules of Professional Conduct, and is therefore governed by those rules.

 A proceeding to discipline an attorney is a trial de novo on the record.[2] To sustain a charge in a disciplinary proceeding against an attorney, a charge must be supported by clear and convincing evidence.[3] Violation of a disciplinary rule concerning the practice of law is a ground for discipline.[4]

█ As noted, neither party filed any written exceptions to the referee's report. Pursuant to Neb. Ct. R. of Discipline 10(L) (rev. 2005), the Counsel for Discipline filed a motion for judgment on the pleadings. When no exceptions to the referee's findings of fact are filed by either party in an attorney discipline proceeding, the Nebraska Supreme Court may, in its discretion, consider the referee's findings final and conclusive.[5] Based upon the undisputed findings of fact in the referee's report, which we consider to be final and conclusive, we conclude the formal charges are supported by clear and convincing evidence. We specifically conclude that Zendejas has violated his oath of office as an attorney[6]; DR 1-102(A)(1), DR 6-101(A)(3), and DR 9-102(B)(3) and (4) of the Code of Professional Responsibility; and rule 8.4(d) of the Nebraska Rules of Professional Conduct. Accordingly, we grant in part the Counsel for Discipline's motion for judgment on the pleadings.

█ We have stated that the basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.[7] Neb. Ct. R. of Discipline 4 (rev. 2004) provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for:
(1) Disbarment by the Court; or
(2) Suspension by the Court; or

[2] *State ex rel. Counsel for Dis. v. Petersen*, 272 Neb. 975, 725 N.W.2d 845 (2007).

[3] *Id.*

[4] *Id.*

[5] *State ex rel. Counsel for Dis. v. Wickenkamp*, 272 Neb. 889, 725 N.W.2d 811 (2007).

[6] § 7-104.

[7] *State ex rel. Counsel for Dis. v. Petersen, supra* note 2.

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.[8]

With respect to the imposition of attorney discipline in an individual case, we have stated that each attorney discipline case must be evaluated individually in light of its particular facts and circumstances.[9] For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding.[10] The determination of an appropriate penalty to be imposed on an attorney in a disciplinary proceeding also requires the consideration of any aggravating or mitigating factors.[11]

We have considered the applicable law as well as the referee's report and recommendation, the findings of which have been established by clear and convincing evidence. In his report, the referee recommended that with respect to the discipline to be imposed, Zendejas should be suspended from the practice of law for 30 days. We disagree with the referee's recommendation, and to the extent that the Counsel for Discipline's motion for judgment on the pleadings requests that this court accept the referee's recommendation with respect to discipline, we overrule that motion.

The formal charges in this case allege that Zendejas failed for nearly 2 years to file a postconviction action on Zuck's behalf. Such neglect is of serious concern to this court. In addition, we express concern with Zendejas' failure to "promptly

---

[8] See, also, disciplinary rule 10(N).

[9] *State ex rel. Counsel for Dis. v. Wickenkamp, supra* note 5.

[10] *State ex rel. Counsel for Dis. v. Petersen, supra* note 2.

[11] *Id.*

pay" to Zuck funds that Zuck was entitled to receive.[12] Finally, Zendejas repeatedly ignored requests from the Counsel for Discipline regarding his representation of Zuck. We have held that an attorney's failure to respond to inquiries and requests for information from the office of the Counsel for Discipline is considered to be a grave matter and a threat to the credibility of attorney disciplinary proceedings.[13]

In his report, the referee did not note any aggravating factors with regard to the imposition of discipline, but did note some factors with respect to mitigation. In particular, the referee noted that Zendejas' "attitude at the hearing was one of regret and remorse." The referee also stated that Zendejas

> has provided commendable service to his tribal community and to the legal community. He is the juvenile court "presenting officer" handling cases involving the Indian Child Welfare Act. In that regard, he provides a valuable service to underrepresented children in the Indian community. [Zendejas] has also served on the Ponca Tribal Court Advisory Board and has provided services in connection with the Ponca Tribe's domestic violence project. Respondent has assisted the Ponca Tribe in revising its election ordinance; assisted in the development of family science nights at three reservation schools; and provided training to the Iowa Department of Social Services, Western Region, dealing with the Indian Child Welfare Act.

Based upon our consideration of the record in this case, this court finds that Zendejas should be and hereby is suspended from the practice of law for a period of 120 days, effective immediately. Zendejas shall comply with Neb. Ct. R. of Discipline 16 (rev. 2004) and, upon failure to do so, shall be subject to a punishment for contempt of this court. At the end of

---

[12] See *State ex rel. Counsel for Dis. v. Rasmussen*, 266 Neb. 100, 662 N.W.2d 556 (2003).

[13] *State ex rel. Counsel for Dis. v. Gilroy*, 270 Neb. 339, 701 N.W.2d 837 (2005); *State ex rel. Counsel for Dis. v. James*, 267 Neb. 186, 673 N.W.2d 214 (2004); *State ex rel. NSBA v. Mefferd*, 258 Neb. 616, 604 N.W.2d 839 (2000).

836

the 120-day suspension period, Zendejas may apply to be reinstated to the practice of law, provided that Zendejas has demonstrated his compliance with rule 16 and further provided that the Counsel for Discipline has not notified this court that Zendejas has violated any disciplinary rule during his suspension. We also direct Zendejas to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997), disciplinary rule 10(P), and Neb. Ct. R. of Discipline 23(B) (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by this court.

## CONCLUSION

The motion of the Counsel for Discipline is sustained in part and in part overruled. We adopt the referee's findings of fact and conclude that Zendejas has violated DR 1-102(A)(1), DR 6-101(A)(3), and DR 9-102(B)(3) and (4) of the Code of Professional Responsibility, and rule 8.4(d) of the Nebraska Rules of Professional Conduct, as well as his oath of office as an attorney.

It is the judgment of this court that Zendejas should be and hereby is suspended from the practice of law for 120 days, effective immediately.

JUDGMENT OF SUSPENSION.