750 N.W.2d 681 (2008)
275 Neb. 881
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF the NEBRASKA SUPREME COURT, relator,
v.
William L. SWITZER, Jr., respondent.
No. S-07-182.
Supreme Court of Nebraska.
June 13, 2008.
*683 Kent L. Frobish, Assistant Counsel for Discipline, for relator.
William L. Switzer, Jr., pro se.
HEAVICAN, C.J., and WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
The office of the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent, William L. Switzer, Jr. After a formal hearing, the referee concluded that Switzer had violated the Code of Professional Responsibility, the Nebraska Rules of Professional Conduct, this court's disciplinary rules, and his oath of office as an attorney, and recommended a suspension of 1 year. While we adopt the findings of the referee, we do not accept the discipline recommended by the referee. We instead impose discipline as indicated below.

FACTS
On February 22, 2007, formal charges were filed by the office of the Counsel for Discipline against Switzer, alleging that Switzer had violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule), DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1-102(A)(5) (engaging in conduct prejudicial to administration of justice), and DR 1-102(A)(6) (engaging in any other conduct adversely reflecting upon his fitness to practice law); Canon 6, DR 6-101(A)(3) (neglecting legal matter entrusted to him); Canon 7, DR 7-101(A)(2) (failing to carry out contract of employment) and DR 7-101(A)(3) (prejudicing or damaging his client during course of professional relationship); DR 7-102(A)(3) (concealing or knowingly failing to disclose that which lawyer is required by law to reveal); Canon 9, DR 9-102(A)(1) and (2) (failing to preserve identity of client funds), DR 9-102(B)(3) (failing to maintain a complete record of client funds and to render appropriate accounting), and DR 9-102(B)(4) (failing to promptly pay or deliver client funds to client). The formal charges also alleged that Switzer violated the following provisions of Neb. Ct. R. of Prof. Cond. (rev.2005): rule 8.4(a) (violating or attempting to violate Nebraska Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to administration of justice), as well as his oath of office as an attorney.[1] In his answer, Switzer disputed these allegations.
A referee's hearing was held on August 30, 2007. Switzer, acting pro se, testified at the hearing. In addition, 42 exhibits were introduced. The record in this case reveals the following facts: Switzer was retained on or about March 23, 2005, by Lori Carney and Charles Daubs. The next day, March 24, Carney sent to Switzer a check for $500 as an advance fee payment. Switzer agreed to draw up and file the necessary paperwork to have Carney and Daubs appointed as coguardians and coconservators for their mother, Marion Daubs (Marion).
*684 Meanwhile, on March 31, 2005, unbeknownst to Carney and Daubs, Marion signed a power of attorney naming Mark Milone as her attorney in fact. Previously, Carney had held Marion's power of attorney. Marion had a stroke on April 2, which apparently gave effect to the power of attorney.
Milone notified Carney on April 4, 2005, that her appointment had been revoked and that he now held Marion's power of attorney. On April 8, Milone notified Switzer by letter of Milone's appointment. In that letter, Milone indicated that he was aware that Switzer had been retained to commence a guardianship-conservatorship action. Milone requested that he be notified of the commencement of any such action.
On April 11, 2005, Carney and Daubs met with Switzer regarding the guardianship-conservatorship. Carney testified that as of that date, Switzer was aware that Milone held Marion's power of attorney. On April 12, Switzer filed an ex parte emergency petition for appointment of temporary coguardians and coconservators. This petition failed to list Milone as an interested party, nor was the judge notified of the power of attorney held by Milone. The petition was granted.
When Milone learned that the petition was filed and granted, he filed a petition to terminate the temporary coguardianship and coconservatorship. That petition was granted on April 15, 2005. Switzer was notified that same day that the guardianship-conservatorship had been terminated; he failed to notify Carney or Daubs. Carney was notified of the termination on April 19.
Subsequent to this notification, Carney and Daubs unsuccessfully attempted to contact Switzer on at least four separate occasions. Carney testified that in one instance, she waited on the telephone line for an hour to allow Switzer to talk with her when he was free. At the hearing before the referee, Switzer acknowledged that he failed Carney and Daubs, stating that he "did not do what [he] was supposed to do" and that he realized that he "absolutely" should have communicated with them better than he did.
On May 3, 2005, Daubs wrote to Switzer to terminate the attorney-client relationship. In his letter, Daubs requested an accounting of services rendered, as well as the return of the unused portion of the $500 retainer. According to evidence presented at the hearing, an accounting was never provided nor did Switzer produce any evidence regarding any portion of the retainer.
Carney and Daubs then retained new counsel. On May 5, 2005, this counsel contacted Switzer and requested a copy of the file. Such was never provided to new counsel.
On December 13, 2005, the Counsel for Discipline received a letter from Carney regarding Switzer's representation. The Counsel for Discipline forwarded the letter to Switzer for his response. On January 10, 2006, Switzer responded to the letter, noting that the file was in storage, but that he would have it retrieved. In the letter, Switzer indicated the fact that Milone held Marion's power of attorney was never communicated to him. Switzer did not address his failure to communicate with Carney and Daubs after the guardianship-conservatorship was terminated.
Despite indicating that he would respond further once the file had been retrieved, and despite the fact that additional letters were sent to him from the Counsel for Discipline on February 22 and March 22, 2006, no additional response was received. The matter was upgraded to a *685 formal grievance on April 13; Switzer's response was received on April 18.
The April 18, 2006, response read in full: "I have received your packet of documents and enclose in response my copies of letters to you. The last letter was dated March 30, 2006. I believe that I have responded to your inquiries. Please let me know if you need further information."
Enclosed with this letter was a letter dated March 30, 2006, addressed to the Counsel for Discipline. The letter stated in part that "[e]nclosed is a copy of the letter mentioned in my last communication to you." Enclosed was a letter from Carney and Daubs' new counsel requesting the fileSwitzer had indicated in his January 10 letter that he would forward this letter. However, the Counsel for Discipline denied receiving any communication from Switzer dated March 30, 2006. In response to a question by the referee with regard to the March 30 and April 18 correspondence, Switzer admitted that the March 30 letter was a "fabrication."
The Counsel for Discipline again contacted Switzer on May 12, 2006, to ask a number of followup questions related to Switzer's failure to communicate with Carney and Daubs and his failure to provide a copy of the relevant file to new counsel, as well as questions related to his billing with regard to the Carney/Daubs representation. A followup letter was sent on June 7. Switzer was eventually reached by telephone on June 20. Switzer stated that he had not received the May and June letters because they had been sent to an incorrect address. The record shows that the address was, in fact, incorrect, but that all previous correspondence had also been sent to the technically incorrect address and had been received. The Counsel for Discipline indicated that neither the May 12 letter nor the June 7 letter was returned as undeliverable.
In any event, the May and June 2006 letters were faxed to Switzer, who still failed to respond. The Counsel for Discipline again telephoned Switzer on August 3; Switzer indicated that a response letter had been written, but not yet sent. The Counsel for Discipline received a letter from Switzer on August 8. The letter was postmarked August 7.
In that letter, Switzer again stated that at the time he filed the petition for guardianship-conservatorship, he was not aware that Milone held Marion's power of attorney. Switzer failed to provide any evidence that he had deposited or withdrawn Carney's check. Switzer also claimed that a computer malfunction had prevented him from retrieving the billing statement prepared in the matter.
The referee issued his report on October 11, 2007. In that report, the referee noted that "Switzer's unwillingness to respond properly and adequately carried on following the appointment of the undersigned as Referee." The referee stated that he had asked Switzer to file a "proper Answer, which ... Switzer promised to do, but didn't do. Also ... Switzer indicated that he would conduct discovery, which he never did." The referee then concluded Switzer's conduct was in violation of DR 1-102(A)(1), (4), (5), and (6); DR 6-101(A)(3); DR 7-101(A)(2) and (3); DR 7-102(A)(3); DR 9-102(A)(1) and (2), and DR 9-102(B)(3) and (4) of the Code of Professional Responsibility; rule 8.4 of the Nebraska Rules of Professional Conduct; Neb. Ct. R. of Discipline 9(E) (rev.2001); and his oath of office as an attorney. The referee recommended that Switzer be temporarily suspended from the practice of law for a period of 1 year. No exceptions to this report were filed. On October 29, the Counsel for Discipline filed a motion *686 for judgment on the pleadings, requesting that this court accept the referee's recommendation and enter judgment thereon.

ANALYSIS
[1] As an initial matter, we note that some of Switzer's conduct now at issue occurred prior to September 1, 2005, and is governed by the now-superseded Code of Professional Responsibility, while other conduct occurred on or after September 1, the effective date of the Nebraska Rules of Professional Conduct, and is therefore governed by those rules.
[2-4] A proceeding to discipline an attorney is a trial de novo on the record.[2] To sustain a charge in a disciplinary proceeding against an attorney, a charge must be supported by clear and convincing evidence.[3] Violation of a disciplinary rule concerning the practice of law is a ground for discipline.[4]
[5] As noted, neither party filed any written exceptions to the referee's report. Pursuant to Neb. Ct. R. of Discipline 10(L) (rev.2005), the Counsel for Discipline filed a motion for judgment on the pleadings. When no exceptions to the referee's findings of fact are filed by either party in an attorney discipline proceeding, the Nebraska Supreme Court may, in its discretion, consider the referee's findings final and conclusive.[5] Based upon the undisputed findings of fact in the referee's report, which we consider to be final and conclusive, we conclude the formal charges are supported by clear and convincing evidence. We specifically conclude that Switzer has violated DR 1-102(A)(1), (4), (5), and (6); DR 6-101(A)(3); DR 7-101(A)(2) and (3); DR 7-102(A)(3); DR 9-102(A)(l) and (2), and DR 9-102(B)(3) and (4) of the Code of Professional Responsibility; rule 8.4 of the Nebraska Rules of Professional Conduct; and his oath of office as an attorney. Accordingly, we grant in part the Counsel for Discipline's motion for judgment on the pleadings.
[6] We have stated that the basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.[6] Neb. Ct. R. of Discipline 4 (rev.2004) provides that the following may be considered as discipline for attorney misconduct:
(A) Misconduct shall be grounds for:
(1) Disbarment by the Court; or
(2) Suspension by the Court; or
(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or
(4) Censure and reprimand by the Court; or
(5) Temporary suspension by the Court; or
(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.
(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.[7]
[7-9] With respect to the imposition of attorney discipline in an individual case, we have stated that each attorney discipline case must be evaluated individually *687 in light of its particular facts and circumstances.[8] For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding.[9] The determination of an appropriate penalty to be imposed on an attorney in a disciplinary proceeding also requires the consideration of any aggravating or mitigating factors.[10]
[10] We have considered the referee's report and recommendation, the findings of which have been established by clear and convincing evidence and the applicable law. In his report, the referee recommended that with respect to the discipline to be imposed, Switzer should be suspended from the practice of law for 1 year. We disagree with the referee's recommendation, and to the extent that the Counsel for Discipline's motion for judgment on the pleadings requests that this court accept the referee's recommendation with respect to discipline, we overrule that motion.
The formal charges in this case allege that Switzer failed to reveal to the county court the fact that Milone held Marion's power of attorney. When this failure was discovered, the guardianship-conservatorship was terminated. Switzer was notified of this termination, but did not inform his clients. Switzer's clients were eventually notified after service by the sheriff. Each client attempted to contact Switzer, but was unable to do so. Switzer was later asked to turn over the file to the clients' new counsel and to provide a detailed accounting, but failed to do either.
We are concerned by Switzer's failure to reveal the information regarding Milone's holding of Marion's power of attorney. We also express concern over Switzer's lack of communication with his clients,[11] particularly given the lengths that Carney took to speak with him.
We are also troubled by Switzer's failure to respond to the Counsel for Discipline's inquiries. We have held that an attorney's failure to respond to inquiries and requests for information from the office of the Counsel for Discipline is considered to be a grave matter and a threat to the credibility of attorney disciplinary proceedings.[12]
Switzer's failure to cooperate is only compounded in this case in that Switzer admitted to fabricating a document during the course of the Counsel for Discipline's investigation. We consider this fabrication to move beyond failing to cooperate with the Counsel for Discipline; instead, such action directly interfered with the investigation. While there is no indication from the Counsel for Discipline that the fabricated letter impeded its investigation in any meaningful way, this court cannot and will not overlook Switzer's behavior on this point.
In his report, the referee noted as an aggravating factor Switzer's two prior private reprimands. And the referee further indicated that Switzer was not particularly cooperative throughout the disciplinary process following the filing of formal charges. With respect to this finding, the referee first referenced Switzer's answer *688 to the formal charges. In that answer, Switzer alleged that the Counsel for Discipline had "mixed up and concocted events and allegations, taken events out of context, and reached conclusions which are based upon innuendo of [the Counsel for Discipline's] own choosing. The behavior and conduct and attitude which [the Counsel for Discipline] continues to exhibit results in allegations which are frivolous and misguided." In his report, the referee indicated that he felt this answer was improper. The referee also indicated that Switzer had agreed to file a new answer, but had failed to do so. Aside from Switzer's failing to file a new answer, the referee noted that Switzer was not cooperative in that Switzer indicated he would conduct discovery, but never did so.
Based upon our consideration of the record in this case, this court finds that Switzer should be and hereby is suspended from the practice of law for a period of 18 months, effective immediately. Switzer shall comply with Neb. Ct. R. of Discipline 16 (rev.2004) and, upon failure to do so, shall be subject to a punishment for contempt of this court. At the end of the 18-month suspension period, Switzer may apply to be reinstated to the practice of law, provided that Switzer has demonstrated his compliance with rule 16 and further provided that the Counsel for Discipline has not notified this court that Switzer has violated any disciplinary rule during his suspension. We also direct Switzer to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 1997), disciplinary rule 10(P), and Neb. Ct. R. of Discipline 23(B) (rev.2001) within 60 days after an order imposing costs and expenses, if any, is entered by this court.

CONCLUSION
The motion of the Counsel for Discipline is sustained in part and in part overruled. We adopt the referee's findings of fact and conclude that Switzer has violated the Code of Professional Responsibility, the Nebraska Rules of Professional Conduct, and his oath of office as an attorney.
It is the judgment of this court that Switzer should be and hereby is suspended from the practice of law for 18 months, effective immediately.
JUDGMENT OF SUSPENSION.
McCORMACK, J., not participating.
NOTES
[1] See Neb.Rev.Stat. § 7-104 (Reissue 1997).
[2] State ex rel. Counsel for Dis. v. Petersen, 272 Neb. 975, 725 N.W.2d 845 (2007).
[3] Id.
[4] Id.
[5] State ex rel. Counsel for Dis. v. Wickenkamp, 272 Neb. 889, 725 N.W.2d 811 (2007).
[6] State ex rel. Counsel for Dis. v. Petersen, supra note 2.
[7] See, also, disciplinary rule 10(N).
[8] State ex rel. Counsel for Dis. v. Wickenkamp, supra note 5.
[9] State ex rel. Counsel for Dis. v. Petersen, supra note 2.
[10] Id.
[11] See, e.g., State ex rel. Special Counsel for Dis. v. Fellman, 267 Neb. 838, 678 N.W.2d 491 (2004); State ex rel. Counsel for Dis. v. James, 267 Neb. 186, 673 N.W.2d 214 (2004).
[12] State ex rel. Counsel for Dis. v. Zendejas, 274 Neb. 829, 743 N.W.2d 765 (2008); State ex rel. Counsel for Dis. v. Gilroy, 270 Neb. 339, 701 N.W.2d 837(2005).